IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES V. KIRKLAND,

       Petitioner,      Case No. 3:09 CV 518

  -vs-

                  MEMORANDUM OPINION

RICHARD HALL,

       Respondent.

KATZ, J.

  Pending before this Court is the July 1, 2010 Report and Recommendation ("R & R") of the Magistrate Judge addressing a petition for a writ of habeas corpus sought by James V. Kirkland ("Petitioner") filed pursuant to 28 U.S.C. § 2254. The Magistrate Judge recommended that the Court deny the Petitioner's request for a writ of habeas corpus. For the reasons below, the Court now adopts the Magistrate's R & R in full, and denies the petition.

### I. PROCEDURAL BACKGROUND

  The Court hereby adopts the Magistrate Judge's description of the procedural background of this case as set forward in the R & R, as follows:

### I. Procedural Background

  On May 16, 2003, the Lake County, Ohio, grand jury returned a nineteen-count indictment against Petitioner.
  On June 10, 2003, Petitioner withdrew his former plea of not guilty and entered a plea of guilty pursuant to a written plea agreement as to ten counts (Docket No. 7, Exhibits 1 & 3). A *nolle prosequi* was entered with respect to the remaining counts in the indictment (Docket No. 7, Exhibit 4).
  On July 18, 2003, Petitioner was sentenced to a twelve year prison term: five years for engaging in a pattern of corrupt activity, five years for illegal manufacture of drugs with a juvenile specification; six months each on counts which charged three counts of theft, receiving stolen property, identity fraud, forgery, and possessing criminal tools and two years for aggravated trafficking in drugs (Docket No. 7, Exhibit 5). The six month terms were scheduled to run concurrently with the remaining charges (Docket No. 7, Exhibit 5).

>       Petitioner perfected a timely direct appeal in the Eleventh District Court of
> Appeals. http://pheonix.lakecountyohio.gov. Petitioner filed a brief on November
> 26, 2003 and a supplemental assignment of error on September 16, 2004 (Docket
> No. 7, Exhibit 6 & 11). On April 24, 2006, the Court of Appeals reversed and
> remanded the case to the trial court for re-sentencing (Docket No. 7, Exhibit 12).
>       On June 15, 2006, the trial court imposed the same sentences (Docket No.
> 7, Exhibit 13). Petitioner appealed the trial court's judgment (Docket No. 7,
> Exhibit 14). The Court of Appeals affirmed the judgment of the trial court on
> August 13, 2007 (Docket No. 7, Exhibit 16). On August 17, 2007, the Ohio
> Supreme Court denied Petitioner leave to appeal and dismissed the appeal (Docket
> No. 7, Exhibit 18).

(Doc. No. 10, pp. 2-3) (footnotes omitted).

The Magistrate received the case under Local Rule 72.2(b)(2) and recommended denying the writ of habeas corpus. This Court conducts a *de novo* review of the Magistrate's R & R. 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001).

**II. JURISDICTION**

A court must have proper jurisdiction to consider a petition for a writ of habeas corpus. A federal court has proper jurisdiction when a person is in custody pursuant to the judgment of a state court and he or she is in custody in violation of the Constitution or laws or treaties of the United States. *Leslie v. Randle*, 296 F.3d 518, 521 (6th Cir. 2002) (*citing* 28 U.S.C. § 2254 (Thomson/West 2002)).

Petitioner satisfies the requirements for habeas jurisdiction. Petitioner was convicted in the Lake County Court of Common Pleas on a nineteen-count indictment. He is presently confined in the Richland Correctional Institution as a result of that conviction, therefore, petitioner is in custody for the purposes of habeas jurisdiction.

Petitioner's claims allege a violation of the Constitution to the extent that he has been deprived of rights guaranteed to him under the Due Process and Ex Post Facto Clause. This Court has jurisdiction over Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

2

### III. STANDARD OF REVIEW

The standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), govern a federal district court's review of a state court decision on a writ of habeas corpus. *French v. Jones*, 332 F.3d 430, 435-436 (6th Cir. 2003). The statute establishes two circumstances in which a federal court may issue a writ. First, a federal court may issue a writ if the state court's decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1). Second, a federal court may issue a writ if the state court's decision was based on an unreasonable determination of the facts in light of the evidence. § 2254(d)(2).

A state court's decision is "contrary to" the clearly established federal law when either the decision contradicts the Supreme Court's holdings or it "'confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from this precedent.'" *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam)). A state court's decision unreasonably applies Supreme Court holdings "if the state court identifies the correct governing legal principle from the Supreme Court but unreasonably applies that principle to the facts of petitioner's case." *Id*. (quoting *Wiggins v. Smith*, 539 U.S. 510, 520 (internal quotation marks omitted)).

"[A] determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). The petitioner, however, may rebut "the presumption of correctness by clear and convincing evidence." *Id*.

### IV. DISCUSSION

3

Petitioner objects to all three grounds the Magistrate cited for dismissal: whether procedural default occurred, waiver as a result of a guilty plea, and resentencing under *State v. Foster*.

*A. Procedural Default as a Bar to Habeas Review*

In his first Objection, Petitioner argues that there was no procedural default with respect to either of his claims, that greater-than-minimum terms and consecutive sentences were imposed in violation of the Constitution. Based on this, he argues that his claim is not barred from habeas review.

The Court hereby adopts the Magistrate Judge's description of the procedural default standard as set forward in the R & R, as follows:

PROCEDURAL DEFAULT STANDARD

A federal court may review federal claims that were evaluated on the merits by a state court. *Priest v. Hudson*, 655 F. Supp. 2d 808, 822 (N.D. Ohio 2009). Claims that were not so evaluated because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review. *Id*.
"In determining whether a procedural default has occurred and, if so, what effect the default will have on federal habeas review of a state conviction, the district court must consider whether (1) a state procedural rule exists that applies to the petitioner's claim, (2) the petition failed to comply with the rule, (3) the state court actually applied the state rule in rejecting the petitioner's claims, and (4) the state procedural rule is an adequate and independent ground upon which that state can rely to deny relief." *Thompson v. Bell*, 580 F.3d 423, 437 (6th Cir. 2009) (*citing Frazier v. Huffman*, 343 F.3d 780, 790 (6th Cir. 2003) *cert. denied*, 124 S. Ct. 2815 (2004)). "[A] procedural default does not bar consideration of a federal claim on habeas corpus review unless the last state court rendering a reasoned opinion in the case 'clearly and expressly states that its judgment rests on a state procedural bar.' " *Id*. (*citing Frazier*, 343 F.3d at 791) (*quoting Harris v. Reed*, 109 S. Ct. 1038, 1043 (1989)). However, even if the state court failed to reject a claim on a procedural ground, the petitioner is also in procedural default "by failing to raise a claim in state court, and pursue that claim through the state's 'ordinary appellate review procedures.' " *Id*. (*citing Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (*quoting O'Sullivan v. Boerckel*, 119 S. Ct. 1728, 1733 (1999)); *see also Deitz v. Money*, 391 F.3d 804, 808 (6th Cir. 2004) ("A federal court is also

4

barred from hearing issues that could have been raised in the state courts, but were not[.]"). The corollary to this rule is that where a petitioner raised a claim in the state court but in violation of a state's procedural rule, a state court must expressly reject the claim on that procedural ground for a federal court to deem the claim defaulted. *Id*. at 437-438 (*see Williams*, *supra*, 460 F.3d at 806 (noting that the state court's expressed rejection of a petitioner's claim on procedural basis and petitioner's complete failure to raise a claim in state court are the two ways a claim can be in procedural default)).

The procedural default doctrine serves to bar review federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement. *Christian v. Williams*, 2009 WL 2256956, *9 (N.D. Ohio 2009) (*citing Wainwright v. Sykes*, 97 S. Ct. 2497, 2506 (1977)). In these cases, "the state judgment rests on independent and adequate state procedural grounds." *Id*. (*citing Coleman v. Thompson*, 111 S. Ct. 2546, 2554 (1991)). For purposes of procedural default, the state ruling with which the federal court is concerned is the "last explained state court judgment." *Id*. (*citing Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004) (*citing Ylst v. Nunnemaker*, 111 S. Ct. 2590, 2959 (1991) (emphasis removed)).

In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state grounds for a state court decision absent a clear statement to the contrary. *Id*. (*citing Coleman*, 111 S. Ct. at 2557). Applying this presumption, the Sixth Circuit Court of Appeals established a four-pronged analysis to determine whether a claim has been procedurally defaulted. *Id*. (*citing Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986)). Under the *Maupin* test, a review court must decide:

(1)     whether the petitioner failed to comply with an applicable state procedural rule;
(2)     whether the state courts actually enforced the state procedural sanction;
(3)     whether the state procedural bar is an "adequate and independent" state ground on which the state can foreclose federal review; and
(4)     if the above are met, whether the petitioner has demonstrated "cause" and "prejudice."
*Id*. (*citing Maupin*, 785 F.2d at 138).

Under the first prong of *Maupin*, there must be a firmly established state procedural rule applicable to the petitioner's claim and the petitioner must not have complied with the rule. *Id*. (*citing Ford v. Georgia*, 111 S. Ct. 850, 857 (1991) (state procedural bar that is not "firmly established and regularly followed" cannot serve to bar federal judicial review); *Franklin v. Anderson*, 434 F.3d 412, 418 (6th Cir. 2006) *cert. denied*, 127 S. Ct. 941 (2007).

Under the second prong, the last state court to which the petitioner sought review must have invoked the procedural rule as a basis for its decision to reject review of the petitioner's federal claims. *Id*. (*citing Coleman*, 111 S. Ct. at 2553 (appeal dismissed for lack of jurisdiction)); *Richey*, 395 F.3d at 678 ("a lapsed claim survives if the state court overlooked the default and decided the claim

anyway"); *Baze v. Parker*, 371F.3d 310, 320 (6th Cir. 2004) *cert. denied*, 125 S. Ct. 1670 (2005) (if a state court does not expressly rely on a procedural deficiency, then a federal court may conduct habeas review); *Gall v. Parker*, 231 F.3d 265, 310 (6th Cir. 2000) *cert. denied*, 121 S. Ct. 2577 (2001) (even if an issue is not raised below, where the state supreme court clearly addresses the claim, no procedural bar arises); *Boyle v. Million*, 201 F.3d 711, 716-717 (6th Cir. 2009) (where a state appellate court characterizes its earlier decision as substantive, the earlier decision did not rely on a procedural bar; therefore, the court and prejudice test does not apply).

With respect to the third prong, a state judgment invoking the procedural bar must rest on a state law ground that is both independent of the merits of the federal claim and is an adequate basis for the state court's decision. *Id.* (*citing Munson*, *supra*, 384 F.3d at 313-314). A state's *res judicata* rule barring post-conviction claim which could have been raised on appeal is an adequate and independent ground for *Maupin* purposes. *Id.* (*citing White v. Mitchell*, 431 F.3d 517, 527 (6th Cir. 2005) *cert. denied*, 127 S. Ct. 578 (2006); *Mason v. Mitchell*, 320 F.3d 604, 628 (6th Cir. 2003)).

Under the fourth prong, a claim that is procedurally defaulted in state court will not be reviewable in federal habeas corpus unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. *Id.* (*citing Coleman*, 111 S. Ct. at 2565). "Cause" is a legitimate excuse for default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *Id.* (*citing Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984), *cert. denied*, 109 S. Ct. 2070 (1985)). If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice. *Id.* (*citing Smith v. Murray*, 106 S. Ct. 2661 (1986)).

(Doc. No. 10, pp. 6-9.)

With this legal framework in mind, the Court turns to the Petitioner's contentions.

As to the first prong of *Maupin*, there is a firmly established procedural rule applicable to Petitioner's claim. In Ohio, a defendant who on direct appeal fails to challenge the sentence imposed for an offense is barred by res judicata from appealing that sentence following a remand for re-sentencing on other offenses. *State v. Saxon*, 109 Ohio St. 3d 176 (2006).

As to the second prong, the Eleventh District Court of Appeals acknowledged that Petitioner was challenging only the trial court's imposition of consecutive sentences. *State v. Kirkland*, 2006 WL 1062876, *2, (Ohio 11th Dist. Ct. App. April 21, 2006). That Court also

acknowledged Petitioner's failure to raise the issue of greater-than-minimum sentencing on direct appeal as a procedural default and refused to address the length of the individual sentences imposed by the trial court. *Id*. Because of this failure to raise the issue of greater-than-minimum sentencing on direct appeal, res judicata bars Petitioner from raising the issue in any subsequent appeal.

With regard to the third prong, the Sixth Circuit has generally recognized Ohio's res judicata ruling as an adequate and independent state ground upon which the Ohio state courts consistently refuse to review the merits of a defendant's claim. *See White*, 431 F.3d at 527; *Byrd v. Collins*, 209 F.3d 486, 521-522 (6th Cir. 2000).

As to the final prong, Petitioner did not address cause for the default and actual prejudice as a result or whether failure to consider the claim would result in a fundamental miscarriage of justice. Petitioner procedurally defaulted on the claim and failed to show cause for the default. Based on the *Maupin* analysis, Petitioner's claim as to greater-than-minimum sentencing is barred from habeas review.

Petitioner's consecutive sentencing claim, noted by the Magistrate Judge as Petitioner's sole exhausted claim, was properly raised on direct appeal; therefore, it is not barred by the procedural default doctrine.

*B. Guilty Pleas and Habeas Relief*

Next Petitioner objects that he did not waive his right to challenge the constitutionality of the sentence imposed as a result of his guilty plea. (Doc. No. 11, p. 3) He argues that waiver only occurs when a defendant pleads guilty and receives a sentence that he and the state explicitly stipulated. Petitioner bases his argument on *Blakely v. Washington*, 542 U.S. 296 (2004), and

*United States v. Livingston*, 1 F.3d 723 (8th Cir. 1993), both of which present issues materially different than those before this Court.[1]

A guilty plea represents a break in the chain of events in the criminal process. *Marrero v. White*, 2009 WL 3190419, *5 (E.D. Mich. 2009) (*citing Tollett v. Henderson*, 411 U.S. 258, 267 (1973)). This break in the process limits the defendant's ability to raise certain claims after the entry of the plea. A defendant who pleads guilty generally waives any non-jurisdictional claims that arose before his or her plea. *Id*. He or she may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he or she received from counsel was not within [constitutional standards.] *Id*. (*citing Tollett*, 411 U.S. at 267). Therefore, claims of deprivation of constitutional rights that occur before the entry of the guilty plea are normally foreclosed by the plea. *Id*. (*see United States v. Broce*, 488 U.S. 563, 569 (1989)). The only inquiry the district court can make is whether the plea was knowing, intelligent, and voluntary. *Id*. (*citing Broce*, 488 U.S. at 569).

Petitioner has never asserted, on direct appeal or in his petition for the writ of habeas corpus, that his plea was involuntarily made or that he entered into it unknowingly. To the contrary, he executed a written plea agreement in which he claimed that he was not under the

---

[1] In *Blakely*, the trial court imposed a sentence that was 36 months longer than what the defendant had been notified as the maximum allowable under the applicable statute. The sentence was imposed based on facts not admitted in the guilty plea or found by a jury. This is not what occurred in Petitioner's sentencing. Here, Petitioner was informed he could receive a maximum sentence of 33 years as a result of his guilty plea on the change of plea form he signed. The sentence imposed on Mr. Kirkland was 12 years, which is far less than the maximum he was fully aware he might receive.

In *Livingston*, a case that is not binding on this Court, the state and the defendant agreed on a specific sentence in the plea agreement. Because of the agreement, the court did not permit the defendant to challenge the sentence. The instant case is materially different because no sentence was agreed upon by the state and Mr. Kirkland.

influence of drugs or alcohol and that he understood the rights and privileges he had waived in admitting the offenses. (Doc. No. 7)

Therefore, as a result of the guilty plea, Petitioner's claims as they pertain the to deprivation of constitutional rights are barred from habeas review.

*C. Resentencing according to State v. Foster*

Finally, in his objections, Petitioner renews his argument that his resentencing under *State v. Foster*, 109 Ohio St. 3d 1 (2006) violated his right to do process of law under the Fourteenth Amendment and Ex Post Facto Clause. He argues that *Foster* represents the sort of "unexpected and indefensible" retroactive judicial enlargement of a criminal statute that is condemned by the Fourteenth Amendment's Due Process Clause. See *Bouie v. Columbia*, 378 U.S. 347, 354 (1964).

The Ohio Supreme Court's decision in *Foster* was necessitated by the U.S. Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004). Prior to *Blakely*, Ohio, like many other states and the federal government, required sentencing a defendant to minimum and concurrent terms of incarceration within the sentencing range for a given crime, unless the sentencing court determined that certain factors mandated longer and consecutive sentences. This regime called for judicial factfinding of the sort prohibited by *Blakely*. In *Foster*, the Ohio Supreme Court severed these unconstitutional provisions from the rest of the sentencing scheme and directed sentencing courts as follows:

> Courts shall consider those portions of the sentencing code that are unaffected by today's decision and impose any sentence within the appropriate felony range. If an offender is sentenced to multiple terms, the court is not barred from requiring those terms to be served consecutively.

9

*Foster*, 109 Ohio St. 3d at 30. In the instant case, the sentencing court re-sentenced Kirkland to the same sentence it had imposed before, except without making specific findings of fact, as was appropriate under *Foster*.

The Supreme Court announced the applicable test measuring whether a retroactive judicial enlargement of a criminal statute violates the Fourteenth Amendment in *Rogers v. Tennessee*, 532 U.S. 451, 459 (2001). In *Rogers*, the Court severely limited its prior holding in *Bouie*, interpreting that earlier decision as having "rested on core due process concepts of notice, foreseeability, and, in particular, the right of fair warning as those concepts bear on the constitutionality of attaching criminal penalties to what previously had been innocent conduct." Thus, the Court's holding in *Bouie* was grounded on the fact that the South Carolina Supreme Court in *Bouie* had retroactively criminalized conduct that was previously innocent without "fair warning." *Rogers,* 532 U.S. at 457-458.

Under *Bouie*, as reconstructed by *Rogers*, the Ohio Supreme Court's action in *Foster* did not deprive Kirkland of "fair warning" that his conduct was criminal. *Foster* did not criminalize any conduct that was previously innocent, nor did it increase the maximum penalty for any crime. Additionally, the *Foster* Court directed that judges be guided in their new discretion by the same sentencing factors that had previously justified upward departures. *Foster*, 109 Ohio St. 3d at 30. Indeed, Kirkland received the same penalty for his crime prior to *Foster* as he did afterwards. Both before and after *Foster*, Kirkland had clear notice of both the illegality and the severity of his criminal acts. Thus, Kirkland's sentencing did not violate the Fourteenth Amendment. Cf. *Dobbert v. Florida*, 432 U.S. 282 (1977) (Procedural changes in the role of the judge and jury in death penalty sentencing do not violate the Ex Post Facto Clause).

## V. CONCLUSION

Furthermore, the Court has determined sua sponte that no certificate of probable cause should issue in this case as any appeal would lack substantial merit.

It is therefore,

ORDERED, that the Report and Recommendation be, and hereby is, adopted as the Order of this Court. Petitioner's Petition for Writ of Habeas Corpus is denied

FURTHER ORDERED that under 28 U.S.C. §1915(a), an appeal of this case should not proceed *in forma pauperis* as it would not be taken in good faith.

FURTHER ORDERED that a motion for certificate of probable cause under 28 U.S.C. §2253 is hereby denied *sua sponte*.

   s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE